UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| TRISTAN TISCHER, | ) |
| Plaintiff, | ) 4:24-CV-00016-DCLC-CHS |
| vs. | ) |
| CITY OF DECHERD, et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court to consider the report and recommendation of the United States Magistrate Judge [Doc. 37]. In the report and recommendation, the magistrate judge recommends that Plaintiff's motion to amend the complaint [Doc. 28] be denied. Plaintiff timely filed objections. [Doc. 38].

The magistrate judge notes that the deadline for filing motions to amend pleadings was January 31, 2025, but Plaintiff filed his motion to amend on June 30, 2025. In the motion to amend, Plaintiff seeks "to add new facts and claims arising from the February 21, 2023, incident involving Defendants violations of Plaintiff's constitutional rights." [Doc. 28, pg. 1]. The magistrate judge conducted a careful line by line comparison and found that Plaintiff's proposed amended complaint does not add any new material facts and adds a new claim that he was retaliated against for exercising his First Amendment rights. [Doc. 37, pgs. 2–3]. The magistrate judge states that the discovery deadline was on September 19, 2025 and if the Court were to allow Plaintiff to amend his complaint, the parties would have to reopen discovery. *Id.* at 3. The

magistrate judge found Plaintiff had not shown good cause to amend his complaint under Fed. R. Civ. P. 16.

Objections must specifically challenge portions or findings of the report and recommendations. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001)). Plaintiff fails to raise any specific objections to the report and recommendation and generally alleges that the "amendment adds no new claims – only details from the February 21st 2023 arrest" and it "uses more precise language and ensures that Plaintiff's complaint is completely understood by all parties." [Doc. 38, pg. 1]. An objection that simply restates the arguments previously presented is not sufficient to alert the Court to alleged errors on the part of the magistrate judge. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object" as "[t]his duplication of time and effort wastes judicial resources rather than saving them"). For this reason, Plaintiff's objections are overruled.

After thorough consideration of Plaintiff's objections [Doc. 38], the report and recommendation [Doc. 37], and the record as a whole, the Court finds that the report and recommendation properly analyzes the issues presented. For the reasons set out in the report and recommendation, which are incorporated by reference herein, it is hereby **ORDERED** that Plaintiff's objections [Doc. 38] are **OVERRULED**, the report and recommendation [Doc. 37] is **ADOPTED,** and Plaintiff's motion to amend the complaint [Doc. 28] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
